## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERMA MCMILLAN'S** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DEPT. OF HUMAN SERVICE OF** | : | |
| **PENNSYLVANIA, CHILDREN AND** | : | |
| **YOUTH SERVICES OF DELAWARE** | : | |
| **COUNTY, CHILDREN AND YOUTH** | : | |
| **SERVICES OF MONTGOMERY** | : | |
| **COUNTY, CITY OF CHESTER and** | : | |
| **CITY OF NORRISTOWN** | : | **NO.  18-2080** |

## ORDER

**NOW,** this 16th day of August, 2018, upon consideration of the Motion of Defendant, County of Delaware, on Behalf of Its Children and Youth Services Department to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 18), the plaintiff's failure to respond to the motion, and for the reasons set forth in the accompanying Memorandum Opinion, it is **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the amended complaint is **DISMISSED** as to the defendants Children and Youth Services of Delaware County, Children and Youth Services of Montgomery County, and Dept. of Human Services of Pennsylvania.[1]


/s/TIMOTHY J. SAVAGE

---

[1]  When the court grants another defendant's motion to dismiss, it may, on its own initiative, dismiss claims as to non-moving defendants if the claims against the non-moving defendants suffer from the same defects raised in the moving parties' motions. *Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 Fed. App'x 143, 148 (3d Cir. 2011) (quoting *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) (stating that the court may *sua sponte* dismiss a claim as to non-moving defendants where the inadequacy of the claim is clear); *see also McPherson v. United States*, 392 Fed. App'x 938, 942–43 (3d Cir. 2010) (stating that *sua sponte* dismissal is appropriate when affirmative defense is clear from the face of the complaint). A claim against a non-moving party may be dismissed if the claims against all defendants are "integrally related" or where the non-moving defendants are in a similar position to the moving defendants.  *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993).